UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN M. RAMIREZ,
    Plaintiff,

v.                                         Case No: 8:24-cv-02422-KKM-AEP

HUMANA MEDICAL
PLAN, INC.,
    Defendant.
_____

**ORDER**

Helen Ramirez sues her healthcare provider, Humana Medical Plan, Inc., for breach of contract, seeking unpaid benefits under her health care policy. Compl. (Doc. 1-2). Humana moves to dismiss the complaint, Mot. to Dismiss (Doc. 11) (MTD), and Ramirez responds, Resp. (Doc. 31). For the reasons below, I grant the motion.

I.     BACKGROUND

On April 3, 2021, Ramirez was in a car accident that caused serious injuries. Compl. ¶ 4. As a result, Ramirez underwent "many surgeries" and received treatment

at "several rehabilitation care centers." *Id.* After the accident, Ramirez was "bedridden and totally unable to take care of herself or her home and pets." *Id.* ¶ 5.

Ramirez has been insured with Humana under the Humana Gold Plus plan "for many years." *Id.* ¶ 3. Humana paid for medical bills at the hospital and rehabilitation care centers and "knew of [her] permanent physical disabilities and injuries." *Id.* ¶ 6. Although the Gold Plus plan covers home health care for up to thirty-five hours per week, Ramirez required "many more hours" for "home health care, physical therapy, house cleaning, food preparation and servicing, and transportation to and from medical facilities due to being wheelchair bound." *Id.* ¶ 8. Despite the plan covering home health care, "Humana never offered to pay Helen under its policy" for such care. *Id.* ¶ 9. Ramirez "paid what she can and borrowed the rest" to cover the home health costs. *Id.*

Ramirez's health care policy with Humana is a "Medicare Advantage [Health Maintenance Organization] Plan," which means it is "approved by Medicare and run by a private company." Policy (Doc. 1-1) at 12. The policy specifically states that "[Ramirez] is covered by Medicare, and [she] [has] chosen to get [her] Medicare health care and [] prescription drug coverage through [Humana's] plan." *Id.* Further, the policy must be approved by Medicare each year. *Id.* at 13.

2

Ramirez subsequently filed this breach of contract action for Humana's failure to cover home health care costs. Compl. After removing the action to federal court, Not. of Removal (Doc. 1), Humana moved to dismiss the complaint because of, among other things, a lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1); MTD.

## II.  LEGAL STANDARD

A defendant may challenge a court"s subject matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). There are two kinds of Rule 12(b)(1) attacks. Facial attacks "challenge[] whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)).. In contrast, factual attacks "challenge[] the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* "A district court evaluating a factual attack on subject matter jurisdiction . . . is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quotations omitted).

## III. ANALYSIS

Ramirez sues Humana for breach of contract, seeking damages arising out of an alleged denial of home healthcare services under her health care policy. *See generally* Compl.

Humana argues that Ramirez's claim "arises under" the Medicare Act and is therefore subject to the Act's exhaustion requirements. MTD. Ramirez admits that exhaustion of administrative remedies is required before pursuing her claim. Resp. at 2 (acknowledging that "based on the case law and Medicare regulations cited by the Defendant, proceeding first in the administrative process is the correct procedure"). Ramirez also does not dispute that she did not exhaust her administrative remedies before filing this action. *See generally* Resp. Instead, Ramirez moves to abate the action until she exhausts her administrative remedies on the basis that Humana waived its exhaustion argument. Resp. at 2-3. That is not an available option and the action is dismissed.

The Medicare Act allows for judicial review of "all claims for benefits 'arising under' the Medicare Act" "only after the Secretary renders a final decision on the claim." *Am. Acad. of Dermatology v. Dep't of Health & Hum. Servs.*, 118 F.3d 1495, 1497-98 (11th Cir. 1997) (citing 42 U.S.C. § 1395ff(b)(1); 42 U.S.C. § 405(g)–(h)).

4

In other words, "all available administrative remedies" must be exhausted before filing an action arising under the Medicare Act. *Id.* at 1498. A claim "arises under" the Medicare Act when it is "essentially" a claim for benefits or is "inextricably intertwined" with a claim for benefits. *Id.* at 1498 (quoting *Heckler v. Ringer*, 466 U.S. 602, 620, 624 (1984)).

Ramirez's claim "arises under" the Medicare Act and is therefore subject to its exhaustion requirements. Ramirez's health care plan administered by Humana is a Medicare health plan that is "approved by Medicare."[1] Policy at 12. Ramirez's claim is based on the denial of benefits for home health care costs. *See* Compl.[2] Because she is "requesting the payment of benefits" that she believes are due under her Medicare health plan, *Am. Acad. of Dermatology*, 118 F.3d at 1498 (quoting *Heckler*, 466 U.S. at 620), her claim "arises under" the Medicare Act and is subject to its exhaustion requirements, *see Carmona v. Medica Health Plans of Florida, Inc.*, No. 13-23020-CIV, 2014 WL 12584312 (S.D. Fla. June 5, 2014) (dismissing action

---

[1] This arrangement is governed by Medicare Part C. *See Tenet Healthsystem GB, Inc. v. Care Improvement Plus S. Cent. Ins. Co.,* 875 F.3d 584, 586 (11th Cir. 2017).

[2] Ramirez does not dispute that the exhaustion requirement applies equally to claims against organizations such as Humana that operate Medicare Advantage plans. *See id.* at 587 (explaining that the Medicare Act's exhaustion requirements apply to Part C).

due to failure to exhaust where plaintiff sued their insurance carrier, a Medicare Advantage Organization, for the denial of benefits).

Ramirez moves for the action to be abated as opposed to dismissed. Resp. at 2-3. She argues—without analysis or legal support—that abatement is appropriate because Humana waived its exhaustion argument by removing the action to federal court and never informing Ramirez that she needed to exhaust her administrative remedies. *Id.*

This argument fails for two reasons. First, Ramirez cites no authority requiring Humana to inform her of the need to exhaust. Second, exhaustion implicates subject matter jurisdiction. *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 779 (11th Cir. 2002); ("[A] federal district court has no subject matter jurisdiction over [a] lawsuit seeking to 'recover on any claim arising out of' the Medicare Act" "[u]ntil a claimant has exhausted her administrative remedies by going through the agency appeals process."); *see* 42 U.S.C. § 405(h); *Heckler*, 466 U.S. at 614–15. And it is a well-established rule that "subject-matter jurisdiction can never be forfeited or waived." *Est. of Keeter v. Comm'r of Internal Revenue*, 75 F.4th 1268, 1287 (11th Cir. 2023) (omission adopted) (quoting *United States v. Cotton*, 535 U.S. 625, 630

6

(2002)). Ramirez provides no case law or analysis supporting the existence of an exception to that general rule.

## IV. CONCLUSION

In sum, Ramirez's claim for denial of Medicare benefits arises under the Medicare Act and requires exhaustion before pursuing judicial review, which Ramirez did not do. Therefore, this action must be dismissed.[3]

Accordingly, the following is **ORDERED**:

1. Defendant Humana Medical Plan, Inc.'s Motion to Dismiss (Doc. 11) is **GRANTED**. The action is **DISMISSED without prejudice**.

2. The clerk is directed to **ENTER JUDGMENT**, which shall read: "This case is dismissed without prejudice."

3. Plaintiff Helen Ramirez's Motion to Abate (Doc. 31) is **DENIED**.

4. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 4, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

[3] Humana argues, in the alternative, that Ramirez's claim is preempted under the Medicare Act's express preemption provision. MTD at 10-13. I need not address this argument because Ramirez failed to exhaust her administrative remedies, and therefore I have no basis to exercise subject matter jurisdiction over the action. *Cochran*, 291 F.3d at 779.